IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| v. | § | 1:14-cr-149-LY-1 |
| | § | 1:19-cr-325-LY-1 |
| Darneshia Battle, | § | |
| Defendant | § | |

**ORDER**

Before the Court is Defendant's Unopposed Motion to Reopen Detention Hearing Pursuant to 18 U.S.C. § 3142(f), filed April 22, 2020 (the "Unopposed Motion") (Dkt. No. 55 in case No. 1:14-cr-149-LY; Dkt. No. 32 in case No. 1:19-cr-325-LY). On April 23, 2020, the District Court referred the Unopposed Motion to the undersigned for disposition (Dkt. No. 56 in case No. 1:14-cr-149-LY; Dkt. No. 34 in case No. 1:19-cr-325-LY).

Ms. Battle has been detained since December 23, 2019. On March 9, 2020, she pled guilty to one count of Wire Fraud, in violation of 18 U.S.C. § 1343, and one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A, in case No. 1:19-cr-325-LY. She also faces a pending petition to revoke her supervised release from a prior offense in case No. 1:14-cr-149-LY.

Ms. Battle now moves to reopen her detention hearing, pursuant to 18 U.S.C. § 3142(f). Under § 3142(f)(2)(B), a detention hearing may be reopened

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Ms. Battle must establish by clear and convincing evidence that she will not flee or pose a danger to the safety of any other person or to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 32.1(a)(6).

1

In support of the Unopposed Motion, Ms. Battle submits a letter from Darwin McKee, an Austin attorney licensed for 43 years, stockbroker, and former Travis County Commissioner. Mr. McKee states in the letter that he has secured and will maintain in his name the home where Ms. Battle's three young children are currently living and will make it available for Ms. Battle's use. Mr. McKee also states that he will "provide a level of employment consistent with maintaining the home for the children" with his law office.

The Government does not oppose Ms. Battle's release, but requests that she be required to wear an electronic monitor.

Having carefully considered the Unopposed Motion and all information available in both cases, the Court finds that Mr. McKee's present offer of support was not known to the movant at the time of the hearing and has a material bearing on whether conditions of release exist that will reasonably assure Ms. Battle's appearance as required and the safety of any other person and the community. As an Austin native, lifelong area resident, and single mother of three young children, and with Mr. McKee serving as her custodian, the Court finds that Ms. Battle is unlikely to flee. With a pattern of criminal activity similar to the charges for which she awaits sentencing, including while under supervision, Ms. Battle may pose a danger to the community in the nature of financial loss. This danger is serious, but not of the magnitude of the danger posed by a defendant with a history of violent behavior, and Ms. Battle has not been charged with any violent or drug trafficking offense. The Court finds that Ms. Battle has shown by clear and convincing evidence that there are conditions of release that will reasonably assure her appearance as required and the safety of the community.

For the foregoing reasons, **IT IS ORDERED** that Defendant's Unopposed Motion to Reopen Detention Hearing Pursuant to 18 U.S.C. § 3142(f) (Dkt. No. 55 in case No. 1:14-cr-149-LY; Dkt. No. 32 in case No. 1:19-cr-325-LY) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Darneshia Battle is released pending sentencing and final revocation hearing on the conditions set by the Court in the Order Setting Conditions of Release.

**SIGNED** on April 24, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE